```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

CARRICK TRUCKING, INC.
d/b/a OUTLANDER GRAVEL
and GAIL CARRICK                                    PLAINTIFFS

v.                    Case No. 2:10-CV-02171

JESSE FRANK JAMES LAMBERTH
and FRANK LAMBERTH                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is the Court's *sua sponte* inquiry into subject matter jurisdiction initiated on March 2, 2011 by the Court's Order (Doc. 20). Both Plaintiffs Carrick Trucking, Inc. and Gail Carrick ("Carrick") (Doc. 21) and Defendants Jesse Frank James Lamberth and Frank Lamberth ("the Lamberths")(Doc. 22) filed simultaneous briefs in response, specifically addressing the issue of whether the amount in controversy in this case reaches the jurisdictional threshold of $75,000 required to invoke federal diversity jurisdiction. For the reasons reflected herein, the Court finds that it lacks jurisdiction and Plaintiffs' claims are therefore DISMISSED for lack of jurisdiction.

**I. Background**

In the case currently before the Court, Carrick (specifically Gail Carrick) and the Lamberths (specifically Jesse Frank James Lamberth) negotiated a land sale contract, in which Carrick agreed to buy, and Lamberth agreed to sell, a certain parcel of land for the purchase price off $22,000. The Lamberths' property, to include

the parcel of land indicated in the contract, is allegedly burdened by a mortgage for several hundred thousand dollars. Carrick claims that the mortgage prevents the Lamberths from conveying clear title to the land contracted for and, thus, the Lamberths are in breach of contract. Carrick seeks a ruling from the Court for specific performance of the land sale contract - that the Lamberths must deliver to Carrick a clear title for the land indicated in the contract.

Carrick also seeks a preliminary injunction to prevent the Lamberths from "moving, bothering, or harming" the specialized rock-crushing equipment that Carrick has stored on the parcel of land at issue. (Doc. 12). Carrick argues that it has tendered the required money under the contract and is the equitable owner of the land where the equipment is stored, and the Lamberths, therefore, have no right to either charge rent for storage of the equipment or to attempt to sell or dispose of the equipment.

The Lamberths filed a counter-claim (Doc. 9) against Carrick for continuing trespass, claiming that Carrick exceeded the bounds of a temporary license that the Lamberths had given Carrick to store the equipment on Lamberth property free of charge for two to three months. The Lamberths further allege that their property has been damaged as a result of Carrick moving and storing its equipment on the parcel of land in question. The Lamberths claim that Carrick has not paid the purchase price set out in the land sale contract and that Jesse Frank James Lamberth has legal title

to the land where the equipment is stored.

## II. Analysis

Subject matter jurisdiction and the issue of this Court's authority to hear this action may be raised at any time. Fed. R. Civ. P. 12(h)(3). This Court has an affirmative duty to ensure that any claims before it are within its subject matter jurisdiction. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986); *see also Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F. Supp. 138, 139 (W.D. Ark. 1981) (noting court's "obligation and duty to carefully consider the pleadings...to determine whether subject matter jurisdiction exists"). As the party invoking federal jurisdiction, Carrick has the burden of proving that the amount in controversy exceeds the jurisdictional minimum. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). A complaint alleging diversity jurisdiction should be dismissed "if it appears to a legal certainty that the claim is really less than the jurisdictional amount." *Bourgeois v. Vanderbilt*, 251 F.R.D. 368, 371 (W.D. Ark. 2008)(citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

As Carrick is seeking specific performance of a land sale contract, the matter in controversy in this case is contractual. In its supplemental brief, Carrick specifically recognizes that this is not a suit to quiet title. Carrick argues, however, that it is seeking removal of the mortgage lien on the property in question and that the amount in controversy, therefore, should be calculated

as the difference in the value of the land and the value of the land with the mortgage removed. The Court does not agree with this premise, as Carrick cites authority related to suits involving questions of title - not suits for specific performance of a land sale contract. Even assuming *arguendo* that Carrick's proposed method of valuation could be applied in this case, the difference in value of the parcel of land in question would not equal the value of the mortgage on the Lamberths larger area of land, as Carrick seems to imply. Nor has Carrick presented any evidence – or even made any allegations – as to the value of the parcel of land in question, outside that reflected in the contract price, either with or without the mortgage. Furthermore, whether a payoff of the mortgage by the Lamberths may or may not be an indirect result of specific performance of the contract at issue in this case, collateral losses to either party may not be considered when calculating the amount in controversy. *Wabash R. Co. v. Vanlandingham*, 53 F.2d 51, 52 (8th Cir. 1931)(citing *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123 (1892); *see also Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017 (8th Cir. 2010)(stating that the Eighth Circuit has never endorsed a rule whereby the amount in controversy may sometimes be measured by the defendant's costs).

  The precedent in this area of the law is clear. When a plaintiff seeks equitable relief, "the amount in controversy is

measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977). When a plaintiff seeks to obtain property by specific performance, the amount in controversy is established by the value of the property. *See Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993)(finding that the fair market value of property at issue was amount in controversy in suit for specific performance of land sale contract)(citing *Ebensberger v. Sinclair Refining Co.,* 165 F.2d 803, 805 (5th Cir. 1948)). Where no value of the property is alleged by the plaintiff, courts have looked to the contract price agreed to by the parties in the land sale agreement to determine the amount in controversy. *See e.g., Neuman v. Levan*, 2009 U.S. Dist. LEXIS 55141 (D.C. S.C. 2009)(finding plaintiffs satisfied the amount-in-controversy requirement by seeking the remedy of specific performance and specifying that the contract called for the sale of land for $508,000); *Comprehensive Addiction Programs v. Mendoza*, 50 F.Supp. 2d 581 (E.D. La. 1999)(using the contract price to satisfy the amount-in-controversy requirement in a breach of contract action where plaintiff sought specific performance and extra contractual damages).

In the case at hand, Carrick contracted with the Lamberths to buy the parcel at issue for $22,000. Because Carrick has presented no other evidence of the market value of the land, the Court finds that the amount in controversy in this case is the price contracted

-5-

for by the parties - $22,000.

Carrick's Motion for a preliminary injunction is collateral to the matter in controversy in this case - the claim for specific performance of the land sale contract. The same is true of the issues raised by Defendant's Counter-Claim. If specific performance were to be granted, Carrick would own the property on which Carrick's equipment is currently stored, and the Lamberths would have no complaint nor any right or reason to remove or otherwise damage Carrick's property. The Court, therefore, declines to aggregate any value of the injunction to the amount actually in controversy in this case.

It appearing to the Court to a legal certainty that the amount in controversy is less than $75,000, the Court finds that it lacks jurisdiction to hear this case. Plaintiffs' claims, and Defendants' Counter-Claim, are therefore **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED this 23rd day of March, 2011.

/s/ Paul K. Holmes, III
Honorable Paul K. Holmes, III
United States District Judge